UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

ATRIA HOLDINGS, S.A.,

    Plaintiff,

v.                                                                                          Case No: 5:23-cv-685-JSM-PRL

ATLANTIC FUNDING CAPITAL CORP.,
FIRST AMERICAN LAND TRUST
COMPANY, LLC, NUACH HEI LLC,
RANDALL GROUP INVESTMENTS LLC,
MONTES DE OCA LAW GROUP LLC,
PATRIOTS BUSINESS PARK LLC,
ATLANTIKOS DEVELOPMENT GROUP
LLC, CARBAJAL, INC, IMAGING
MEDICAL CENTER, LLC, MIN
HEALTHCARE GROUP, LLC,
KENSINGTON CAPITAL, LLC, MW
TRADING GROUP, LLC, SAMAX, LLC,
GOLDEN FLORIDA TRADE LLC, JBWS
ENTERPRISE LLC, LEGION CAPITAL
CORPORATION, FRANCISCO ROMERO,
JOHANN PURUNCAJAS, JAIME
JIMENEZ, LUIS HERNANDEZ, RANDALL
HORN, CARLOS LESPIN, MARIBEL
RAMIREZ, JUAN CARLOS MONTES DE
OCA, ABEL CARBAJAL, MARIO
WILHELM, EDDY DIAZ and RICARDO
ALEGRE,

    Defendants.
_____/

## **ORDER**

THIS CAUSE is before the Court on three motions to dismiss filed by a number of the Defendants (Dkts. 131, 138, and 142). The Court, upon review of the motions, responses, and being otherwise advised in the premises, concludes that the motions should

1

be granted to the extent that the Amended Complaint will be dismissed without prejudice for lack of subject matter jurisdiction with leave to amend.

Plaintiff Atria Holdings, S.A. filed suit against Defendants Atlantic Funding Capital Corporation and its principal Francisco Romero for breach of two June 2021 settlement agreements after they defaulted on payments totaling more than $14 million on the related promissory notes. Plaintiff brings additional claims against Romero and other Defendants for fraud, civil conspiracy, unjust enrichment, and breach of fiduciary duty. Also, Plaintiff alleges claims for breach of trust agreement and "breach of balloon notes" against the "Borrower Defendants," alleging that Atria funded the loans but Romero and others allegedly failed to make the monthly payments due and failed to properly record title documents related to the properties.

This case was initially filed in the Orlando Division of the Middle District of Florida. The Orlando judge sua sponte transferred the case to this Court, contending that venue was more appropriate in the Ocala Division of the Middle District of Florida. Now, many of the Defendants move to dismiss, arguing, in relevant part, that the Court's subject matter jurisdiction is unclear, and that the venue is incorrect based on forum selection clauses in the subject agreements.

While the Defendants' venue arguments appear meritorious, it is well-established that the Court must assess the existence of diversity jurisdiction at the time an action is filed and before reaching any additional arguments in favor of dismissal or transfer of venue. *Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428 (1991). Plaintiff Atria, a Panamanian corporation, asserts that the Court has jurisdiction based on diversity

2

jurisdiction. 28 U.S.C. § 1332. However, as several Defendants point out, Atria fails to properly allege the citizenship of many of the named Defendants.

It is bedrock law that, to identify the citizenship of an LLC or other unincorporated entity, a party must list the citizenships of all members of that entity. *See Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004). Where a member of the party is also an unincorporated entity, its members must also be identified continuing on through however many layers of members exist. *See Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1220 (11th Cir. 2017). The Amended Complaint does not include the citizenship of the members of the limited liability companies.

Also, Plaintiff's citizenship is unclear. For diversity jurisdiction purposes, a corporation is a "citizen of every State by which it has been incorporated and of the State . . . where it has its principal place of business." *See* 28 U.S.C. § 1332(c)(1). "Principal place of business" is a term of art with a defined legal meaning for jurisdictional purposes. In *Hertz Corp. v. Friend*, the United States Supreme Court adopted the "nerve center" test to determine a corporation's principal place of business. 559 U.S. 77, 92–93, 130 S. Ct. 1181, 1192 (2010). The "nerve center" refers to "the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Id.* It is "the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination, i.e., the 'nerve center,' and not simply an office where the corporation holds its board meetings (for example, attended by directors and officers who have traveled there for the occasion)." *Id.* at 93, 130 S. Ct. at 1192; *see also*

3

*Holston Invs., Inc. B.V.I. v. LanLogistics Corp.*, 677 F.3d 1068, 1071 (11th Cir. 2012). The Amended Complaint does not plead Plaintiff's principal place of business. This defect will also need to be remedied in any amended complaint.

In sum, the jurisdictional defects must be resolved to confirm federal subject matter jurisdiction exists in this case. Accordingly, the Court will dismiss the Amended Complaint without prejudice to Plaintiff to amend if it can remedy these jurisdictional deficiencies.

The Court pauses to address the additional issues of venue and the commingling of the claims in Counts 8-10 against approximately 23 "Borrower Defendants." The Court notes that if Plaintiff is able to allege diversity jurisdiction, Plaintiff shall not include claims against any Defendant if the subject agreement between Plaintiff and that Defendant delineates venue in a Florida county that is not located within the Ocala Division. Plaintiff incorrectly argues that, so long as the action is filed in the "Middle District of Florida," he is complying with the forum selection clauses. Not so. The action must be filed, pursuant to the forum selection clauses, in the correct Florida county. The divisions of the Middle District of Florida are comprised of specific counties. For example, Orange County is within the Orlando Division of the Middle District of Florida. *See* M.D. Fla. L. R. 1.04(b).

With respect to the commingling of the claims, if the Borrower Defendants are unrelated, i.e., the claims do not arise out of the same transaction, occurrence, or series of transactions or occurrences, they will be dismissed without prejudice for improper joinder (yet another argument posited by the Defendants that appears to have merit).

Some of the Defendants also note that the claims must be submitted to binding arbitration pursuant to their agreements. Again, the Court cannot consider the merits of this because its jurisdiction is unclear. However, Plaintiff should heed this argument before it attempts to amend its pleading.

Accordingly, it is ORDERED AND ADJUDGED that:

1. The Motions to Dismiss (Dkts. 131, 138, and 142) are granted to the extent that the Amended Complaint is dismissed without prejudice for failure to properly allege subject matter jurisdiction.

2. If Plaintiff chooses to amend the complaint, the Second Amended Complaint shall be filed within fourteen (14) days of this Order.

3. Plaintiff shall not commingle the claims against multiple "Borrower Defendants" and shall not include any Defendant in the Second Amended Complaint if the subject agreement with that Defendant includes a forum selection clause indicating a forum other than a county located within the Ocala Division of the Middle District of Florida. *See* M.D. Fla. L. R. 1.04(b) (identifying all the counties and which division applies to them).

**DONE** and **ORDERED** in Tampa, Florida, this July 22, 2024.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

COPIES FURNISHED TO:
Counsel/Parties of record