UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**ATRIA HOLDINGS, S.A.**,

    Plaintiff,

v.                                                      Case No: 5:23-cv-685-JSM-PRL

**ATLANTIC FUNDING CAPITAL CORP., FIRST AMERICAN LAND TRUST COMPANY, LLC, NUACH HEI LLC, RANDALL GROUP INVESTMENTS LLC, MONTES DE OCA LAW GROUP LLC, CARBAJAL, INC, IMAGING MEDICAL CENTER, LLC, MIN HEALTHCARE GROUP, LLC, KENSINGTON CAPITAL, LLC, MW TRADING GROUP, LLC, SAMAX, LLC, GOLDEN FLORIDA TRADE LLC, JBWS ENTERPRISE LLC, FRANCISCO ROMERO, JOHANN PURUNCAJAS, JAIME JIMENEZ, LUIS HERNANDEZ, RANDALL HORN, CARLOS LESPIN, MARIBEL RAMIREZ, JUAN CARLOS MONTES DE OCA, ABEL CARBAJAL, MARIO WILHELM, EDDY DIAZ and RICARDO ALEGRE,**

    **Defendants.**

___

## ORDER

This matter is before the Court on Plaintiff's motion for entry of clerk's default as to Defendant Francisco Romero. (Docs. 218, 225).[1] Pursuant to Federal Rule of Civil

---

[1] Plaintiff filed its initial motion for clerk's default on November 21, 2024. (Doc. 218). Then, on December 2, 2024, Plaintiff re-filed the same motion without any explanation as to why it was filing a duplicate copy. (Doc. 225).

Procedure Rule 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." However, before a clerk's default can be entered, the serving party must establish that the defaulting party was properly served. *See Colclough v. Gwinnett Pub. Schs.*, 734 F. App'x 660, 662 (11th Cir. 2018) (per curiam) (finding that the court could not enter a clerk's default where the plaintiff had not properly served the defendant) (citations omitted); *Chambers v. Halsted Fin. Servs., LLC*, No. 2:13-cv-809-FtM-38CM, 2014 WL 3721209, at *1 (M.D. Fla. July 28, 2014) ("Prior to directing the [c]lerk to enter a default, [a c]ourt must first determine whether the [p]laintiff properly effected service of process.") (citation omitted).

Rule 4(e) of the Federal Rules of Civil Procedure allows a plaintiff to effect service in any judicial district of the United States by either (1) following the law regarding service of a summons of the state in which the district court is located or where service is made or (2) by delivering a copy of the summons and complaint to the individual personally, by leaving a copy of each at the individual's dwelling with someone of suitable age or discretion who resides there, or by delivering a copy of each to an agent authorized by appointment or law to receive such. As this Court is in Florida and service was "effected" in Florida, Plaintiff must show that service was sufficient either under federal or Florida law. In Florida, service of original process is made on an individual is by delivering a copy to the person to be served or by leaving a copy at his or her usual place of abode with any person residing therein who is 15 years of age or older and informing the person of their contents. Fla. Stat. §48.031(1)(a)

According to Plaintiff, it served Defendant Francisco Romero by posting a copy of the complaint and summons to a conspicuous place at Defendant's residence. (Doc. 182). While

service on an individual by posting the complaint at their residence is authorized for criminal witness subpoenas under Florida law, (Fla. Stat. §48.031(3)(b)), it is not permitted for service of original process. Nor is it authorized under federal law. And there is no suggestion that Defendant waived personal service or that service was perfected in any other manner authorized by law.[2]

Accordingly, because Plaintiff failed to properly serve Defendant under federal or Florida law, the instant motion for entry of clerk's default (Docs. 218 & 225) is due to be **DENIED**.

**DONE** and **ORDERED** in Ocala, Florida on December 4, 2024.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

[2] For example, Fla. Stat. § 48.161 permits substituted service through the Secretary of State on a resident defendant concealing his whereabouts. *See Dixon v. Blanc*, 796 Fed.Appx. 684, 687 (11th Cir. 2020) (detailing statutory prerequisites to support substituted service under this section).