UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**ATRIA HOLDINGS, S.A.,**

    **Plaintiff,**

v.                                                                                          Case No: 5:23-cv-685-JSM-PRL

**ATLANTIC FUNDING CAPITAL CORP., et al.,**

    **Defendants.**

## ORDER

Plaintiff has filed motions for entry of clerk's default against three defendants—Luis Hernandez (Doc. 247), Abel Carbajal (Doc. 248), and Samax, LLC (Doc. 249).

Pursuant to Federal Rule of Civil Procedure Rule 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." However, before a clerk's default can be entered, the serving party must establish that the defaulting party was properly served. *Laing v. Cordi, III*, No. 2:11cv-566-FtM-29SPC, 2012 WL 4828312 at *1 (M.D. Fla. Oct. 10, 2012); *Manheim Automotive Fin., Servs., Inc. v. Information Matrix Tech., Inc.*, No. 2:12-cv-360-FtM-29-SPC, 2012 WL 3947207 at *1 (M.D. Fla. Sept. 10, 2012).

Here, the motions and supporting affidavits (Docs. 236, 237, 246), detail the various unsuccessful attempts Plaintiff made to serve these Defendants. Plaintiff claims that it ultimately effected service on all three Defendants by serving the Florida Secretary of State. Plaintiff, however, fails to offer any explanation as to why substitute service of process was justified in this case. Indeed, while Florida Statutes §§ 48.181 and 48.161 provide a method

for effecting substitute process of service by serving the Florida Secretary of State when an individual or business entity is concealing its whereabouts, Plaintiff does not cite these statutory provisions, nor does it even claim that the Defendants are concealing their whereabouts.[1] Thus, the Court is left to guess why Plaintiff believes substituted service was properly effected.

Accordingly, Plaintiff's motions for entry of clerk's default are due to be denied without prejudice (Docs. 247, 248, 249). If Plaintiff chooses to refile these motions, it is cautioned that valid substituted service on the Secretary of State requires strict compliance with the statutory provisions. *Chacon v. SW Florida Services, Inc.,* No. 2:24-cv-415-JLB-NPM, 2025 WL 807026, at *2 (M.D. Fla. March 13, 2025).

**DONE** and **ORDERED** in Ocala, Florida on March 27, 2025.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

[1] The supporting affidavits cite solely to Florida Statute §48.151(2) (Doc. 236 at ¶9), which governs "Service on statutory agents for certain persons" and subsection 2 states that it does not apply to substituted service of process under s. 48.161 or s. 48.181.