UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

ATRIA HOLDINGS, S.A.,

     **Plaintiff,**

**v.**                                       **Case No: 5:23-cv-685-JSM-PRL**

ATLANTIC FUNDING CAPITAL
CORP., et al.,

     **Defendants.**

_____

## ORDER

This matter is before the Court on Defendant Luis Hernandez's motion to quash service of process and motion to dismiss for lack of personal jurisdiction. (Doc. 296). Plaintiff filed a response in opposition. (Doc. 297).

### I.    Background

On November 21, 2023, Plaintiff initiated this action against numerous defendants, including Luis Hernandez, and has subsequently amended its complaint four times. (Docs. 127, 186, 200, 279). The fourth amended complaint, which is the operative pleading, was filed on September 11, 2025. (Doc. 279).

The record reflects that Plaintiff has had trouble serving Hernandez. Plaintiff sought (and the Court granted) an extension of time to effectuate service on March 12, 2024 (Docs. 125, 126). Plaintiff filed an Affidavit of Non-Service on June 24, 2024 (Doc. 157). Plaintiff sought three additional extensions (Docs. 171, 193, 209), the last of which the district judge granted on November 22, 2024, extending the deadline to serve Hernandez until January 6, 2025, and advising that "[n]o further extensions will be granted." (Doc. 220). On December

2, 2024, Plaintiff filed another affidavit of non-service for Hernandez (Doc. 222), to which it attached an affidavit of diligent search and inquiry. The affidavit documented three attempts at service at a Windermere, Florida address, one attempt at service at a Miami, Florida address, and two attempts at service at an Apopka, Florida address.

On March 19, 2025, Plaintiff filed a motion for entry of clerk's default against Hernandez. (Doc. 247). The motion and supporting affidavit (Doc. 246) detailed the various unsuccessful attempts Plaintiff had made to serve Mr. Hernandez. Plaintiff claimed that it ultimately effected service on Hernandez by serving the Florida Secretary of State on February 4, 2025. (Doc. 246 at 7). The Court denied Plaintiff's motion for entry of clerk's default without prejudice because Plaintiff failed to offer any explanation as to why substitute service of process was justified in this case. Plaintiff never renewed its motion. And instead, proceeded with the litigation, believing that it had complied with the requirements for substituted service.

Apparently, in preparing its amended motion for default, Plaintiff could not locate records of having sent copies of the summons and complaint to Hernandez following transmission to the Secretary of State. Accordingly, on February 11, 2026, Plaintiff sent the papers via certified mail to Hernandez. This triggered the instant motion by Hernandez to quash Plaintiff's purported substitute service on the Secretary of State. In response to Hernandez's motion, Plaintiff explains its position that substitute service of process was justified because it had reason to believe that Hernandez was concealing his whereabouts.

## II.    Discussion

As discussed above, the Florida Secretary of State accepted substitute service of process for Hernandez on February 4, 2025. (Doc. 246 at 7). Hernandez seeks to quash the purported service, arguing that Plaintiff failed to comply with the notice requirements set forth in § 48.161.

Pursuant to Fla. Stat. § 48.181(4):

> Any individual or foreign business entity that conceals its whereabouts is deemed to have appointed the Secretary of State as is agent on whom all process may be served, in any action or proceeding against such individual or foreign business entity, arising out of any transaction or operation connected with or incidental to any business or business venture carried on in this state by such individual.

Service pursuant to § 48.181 must be effectuated as prescribed by § 48.161, which requires a plaintiff to: (1) serve the Secretary of State by providing a copy of the summons and complaint; (2) send "forthwith" notice of service and a copy of the process to the party being served by the party effectuating service by registered mail, certified mail, return receipt requested, or by use of a commercial firm regularly engaged in the business of document delivery; and by electronic means if the parties have recently and regularly used email or other electronic means to communicate; (4) file the return receipt; and (5) file an affidavit of compliance within 40 days after the date of service on the Secretary of State, or within additional time if the court allows, that establishes that substituted service is proper under the section and that due diligence was exercised in attempting to effect personal service on the party before using substituted service. Fla. Stat. § 48.161(1)-(3). Valid substituted service on the Secretary of State requires strict compliance with the statutory provisions. See *Chacon v. SW Florida Services, Inc.*, No. 2:24-cv-415-JLB-NPM, 2025 WL 807026, at *2 (M.D. Fla.

- 3 -

Mar. 13, 2025); *McGlynn v. El Sol Media Network Inc.*, No. 6:23-cv-531-PGB-LHP, 2024 WL 4201917, *4 (M.D. Fla. July 12, 2024) (citation omitted); *Buzzi v. Da Silva*, No. 6:20-CV-2009-WWB-EJK, 2021 WL 11490452, at *1 (M.D. Fla. Nov. 15, 2021).

The Court agrees that the purported substitute service is due to be quashed because Plaintiff failed to comply with the notice requirements. Most significantly, despite the requirement to "forthwith" send notice of service and a copy of the process to Hernandez after the Secretary of State accepted, Plaintiff delayed more than one year, finally sending it via certified mail on February 11, 2026. As a matter of Florida law, this is not "forthwith" as required by § 48.161. *See Panamerica Trade, Inc., et al. v. Food Service Gaskets, LLC, et al.*, 3:24-cv-473-MMH-SJH, 2026 WL 914799, at *3 (M.D. Fla. Apr. 3, 2026) (sending notice two months after the purported substitute service was delivered to and accepted by the secretary of state was not "forthwith" as a matter of law); *Hughes v. American Tripoli, Inc.*, No. 2:04-cv-485-FtM-29DNF, 2007 WL 2071529, at *2 (M.D. Fla. July 17, 2007) (finding that service twenty-two days after secretary of state was served failed to comply with § 48.161); *Crystal Springs Partners, Ltd. v. Michael R. Band, P.A.*, 132 So.3d 1230, 1231 (Fla. App. Ct. 2014) (determining that forty-two days after secretary of state was served was not "forthwith); *Smith v. Alvarado*, 737 So.2d 630, 630 (Fla. App. Ct. 1999) (mailing notice 115 days later was not "forthwith"); *Kenrick v. Coleman*, 679 So.2d 865, 865 (Fla. App. Ct. 1996) (determining that 150-day delay in sending notice after serving secretary of state "as a matter of law, does not meet the requirements of section 48.161"); *John Green Corp. v. Coello*, 635 So.2d 127, 128 (Fla. App. Ct. 1994) (sending notice two months after secretary of state accepted process was not "forthwith"); *Arison v. Offer*, 626 So.2d 1039, 1040 (Fla. App. Ct. 1993) (mailing notice 68 days after secretary of state accepted process did not meet

- 4 -

"forthwith" requirement in § 48.161); *Parish Mortgage Corp. v. Davis*, 251 So.2d 342, 343 (Fla. App. Ct. 1971), *cert. denied*, 254 So.2d 789 (Fla. 1971) (finding that delay of thirty-seven days was not "forthwith").

In addition, Plaintiff failed to file its affidavit of compliance within 40 days after the date of service on the Florida Secretary of State. A review of the docket shows that Plaintiff's affidavit was filed on March 19, 2025 (Doc. 246)—43 days after substitute service of process was accepted by the Secretary of State on February 4, 2025.

With that said, although filed untimely, Plaintiff's affidavit of compliance shows that Plaintiff's use of substitute service was justified by the circumstances and that due diligence was exercised in attempting to locate and effectuate personal service on Hernandez. Plaintiff detailed the efforts taken by its process server to discover the current address of Hernandez, including a skip trace. (Doc. 246 at 13-16). These efforts resulted in three potential addresses. Plaintiff attempted to serve Hernandez at all three addresses. Specifically, three attempts at service were made at 8168 Boat Hook Loop, Unit 710, Windermere, Florida 34786; one attempt at service was made at 14201 Southwest 88th Street, Miami, Florida 33186; and two attempts at service were made at 2846 Park Meadow Drive, Apopka, Florida 32703. This was an appropriate number of attempts to serve Hernandez, "taking into account the particular circumstances, during such times when and where such party is reasonably likely to be found, as determined through resources reasonably available to the party seeking to secure service of process." Fla. Stat. § 48.161(5)(c). Moreover, Hernandez listed the same Windermere address—where Plaintiff previously attempted to serve him on three occasions—on his motion to quash, minus the unit number. But already, the court has had two mailings sent to Hernandez at that Windermere address returned marked as

- 5 -

"Unable to Forward." (Docs. 302, 303). Accordingly, at this point, it appears that additional attempts to serve Hernandez at the Windermere address would be futile. To be sure, "the rules governing service of process are not designed to create an obstacle course for Plaintiffs to navigate, or a cat-and-mouse game for defendants who are otherwise subject to the court's jurisdiction." *Verizon Trademark Servs., LLC v. Producers, Inc.*, No. 8:10-CV-665-T-33EAJ, 2011 WL 3296812, at *4 (M.D. Fla. Aug. 2, 2011) (citation omitted).

## III.    Conclusion

Accordingly, while Hernandez's motion to quash service of process (Doc. 296) is **GRANTED** to the extent that the purported substitute service of process accepted by the Florida Secretary of State on February 4, 2025, is **quashed**, the ruling is without prejudice to Plaintiff to proceed to obtain service on Hernandez through Fla. Stat. § 48.161 and § 48.181, or as otherwise authorized by law. However, given the repeated delays and the district judge's prior order establishing a deadline for service, the Court will afford Plaintiff a very limited window to do so. Plaintiff shall effect service on Hernandez on or before **April 30, 2026**. **No further extensions will be granted.**

DONE and **ORDERED** in Ocala, Florida on April 14, 2026.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:
Counsel of Record

- 6 -