UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

ATRIA HOLDINGS, S.A.,

     Plaintiff,

v.                                                                Case No: 5:23-cv-685-JSM-PRL

ATLANTIC FUNDING CAPITAL
CORP, et al,

     Defendants.

_____

**ORDER**

This matter is before the Court on Plaintiff's amended motion for clerk's default against Defendant, Samax, LLC ("Samax"). (Doc. 304).

## I.    Background

On November 21, 2023, Plaintiff initiated this action against numerous defendants including Samax and has subsequently amended its complaint four times. (Docs. 127, 186, 200, 279). The fourth amended complaint, which is the operative pleading, was filed on September 11, 2025. (Doc. 279).

Samax is a Florida limited liability company which was administratively dissolved in 2018 for failure to file its annual report with the Florida Department of State. On March 19, 2025, Plaintiff filed its initial motion for entry of clerk's default against Samax based upon purported substitute service on the Florida Secretary of State. (Doc. 258). The Court denied the motion without prejudice explaining that Plaintiff had failed to offer any explanation as to why substitute service of process

was justified. Now, more than one-year later, Plaintiff has filed its amended motion for clerk's default based upon the same purported substitute service on the Florida Secretary of State. (Doc. 304).

## II.    Applicable Law

Pursuant to Federal Rule of Civil Procedure Rule 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." However, before a clerk's default can be entered, the serving party must establish that the defaulting party was properly served. *See Colclough v. Gwinnett Pub. Schs.*, 734 F. App'x 660, 662 (11th Cir. 2018) (per curiam) (finding that the court could not enter a clerk's default where the plaintiff had not properly served the defendant) (citations omitted).

Federal Rule of Civil Procedure 4 governs service of a complaint and summons upon the initiation of a lawsuit. Federal Rule of Civil Procedure 4(h)(1) describes the requirements to serve process on LLCs. *See Fitzpatrick v. Bank of New York Mellon*, 580 F. App'x 690, 693 (11th Cir. 2014) (applying Rule 4(h) to an LLC). Under Rule 4(h) service may be made "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h)(1)(B).

An LLC may also be served with process in accordance with the law of the state where the district court sits or where service is made. Fed. R. Civ. P. 4(h)(1)(A), 4(e)(1). In Florida, service of process on LLCs is generally governed by §

48.062, which establishes a hierarchy of individuals who may accept service of process on behalf of an LLC beginning with the LLC's registered agent. *Robinson v. GFB Restaurants, LLC*, No. 8:25-cv-2556-KKM-AAS, 2026 WL 622646, at *1 (M.D. Fla. March 5, 2026) (citing *Corp. V. Benzer OH 7 LLC*, No. 8:24-cv-1398-WFJ-NHA, 2024 WL 5239616, at *2 (M.D. Fla. Dec. 27, 2024)).

Section 48.062 states in pertinent part:

> If, after due diligence, the process cannot be completed under subsection (2) [on the LLC's registered agent], and if either:
>
> (a) The only person listed publicly by the...LLC...on its latest annual report, as most recently amended, is also the registered agent on whom service was attempted under subsection (2); or
>
> (b) After due diligence, service was attempted on at least one person listed publicly by the...LLC...on its latest annual report, as most recently amended, and cannot be completed on such person under subsection (3),
>
> the service of process may be served as provided in s. 48.161 on the Secretary of State as an agent of the domestic limited liability company or the registered foreign limited liability company or by order of the court under s. 48.102.

Fla. Stat. §48.062(4).

Pursuant to §48.161(4), due diligence is considered to have been used where the party:

> (a) Made diligent inquiry and exerted an honest and conscientious effort appropriate to the circumstances to acquire the information necessary to effectuate personal service;

- 3 -

(b) In seeking to effectuate personal service, reasonably employed the knowledge at the party's command, including knowledge obtained pursuant to paragraph (a); and

(c) Made an appropriate number of attempts to serve the party, taking into account the particular circumstances, during such times when and where such party is reasonably likely to be found, as determined through resources reasonably available to the party seeking to secure service of process.

"Thus, only after a plaintiff exercises "due diligence," as defined above, in attempting to serve the registered agent or a person publicly listed by the LLC, may a plaintiff rely upon substitute service to serve a Florida LLC by serving the Secretary of State." *InClaim, LLC v. Structural Wrap, LLC*, 413 So.3d 251, 256 (Fla. App. Ct. 2025).

## III. Discussion

Plaintiff has submitted affidavits of non-service showing that it attempted to serve Samax three times. First, on December 19, 2023, it attempted to serve the Registered Agent Atlantikos Financial Group, LLC at 4725 W. Sand Lake Road Suite 200, Orlando, FL 32819. The process server was informed by the occupant that the Registered Agent was no longer present and had relocated to West Palm Beach. (Doc. 305 at ¶3; Doc. 305-1 at 2). Next, on January 26, 2024, Plaintiff attempted service upon the Registered Agent for Samax at the West Palm Beach address (which was actually in Boca Raton) but was informed by the occupant that he had purchased the home five years earlier and the Registered Agent was unknown. (Doc. 305 at ¶3; Doc. 305-1 at 3). Then, on June 28, 2024, Plaintiff attempted to serve the sole managing member of Samax—Samir Oliveira De Agular—at the

address last listed with the Florida Department of State, 11988 Modena Lane, Orlando, Florida 32827. (Doc. 305-1 at 4). The process server was informed by the occupant that neither Samax nor the Registered Agent were known to her. Based on these three attempts at service, which follow the hierarchy set forth in §48.062(4), the Court finds that Plaintiff exercised due diligence in attempting to serve Samax. Accordingly, substitute service upon Samax was authorized by §48.062(4)(b), via the process set forth in §48.161.

On August 8, 2024, the Florida Secretary of State accepted substitute service of process for Samax. (Doc. 236 at ¶11; Doc., 236-1). According to the records of the Florida Department of State, four days later, on August 12, 2024, the Registered Agent for Samax filed a Statement of Resignation of Registered Agent. (Doc. 305-2). On August 21, 2024, Plaintiff sent copies of the suit papers via certified mail to the Registered office of Samax's Registered Agent (2411 West Sand Lake Road, Suite C, Orlando, Florida 32809) as well as the Boca Raton address. These certified mailing were returned to Plaintiff with the notation "Addressee unknown." Doc. 305-4). On August 22, 2024, Plaintiff hand delivered the suit papers to Samax at its last known address at 2411 West Sand Lake Road, Suite C, Orlando, Florida 32809. (Doc. 236 at ¶12). Plaintiff filed its affidavit of compliance with the Court on February 21, 2025. (Doc. 236).

Valid substituted service on the Secretary of State requires strict compliance with the statutory provisions. *Chacon v. SW Florida Services, Inc.,* No. 2:24-cv-415-JLB-NPM, 2025 WL 807026, at *2 (M.D. Fla. March 13, 2025). Section § 48.161 requires

- 5 -

a plaintiff to: (1) serve the Secretary of State by providing a copy of the summons and complaint; (2) send "forthwith" notice of service and a copy of the process to the party being served by the party effectuating service by registered mail, certified mail, return receipt requested, or by use of a commercial firm regularly engaged in the business of document delivery; and by electronic means if the parties have recently and regularly used email or other electronic means to communicate; (4) file the return receipt; and (5) file an affidavit of compliance within 40 days after the date of service on the Secretary of State, or within additional time if the court allows, that establishes that substituted service is proper under the section and that due diligence was exercised in attempting to effect personal service on the party before using substituted service. Fla. Stat. § 48.161(1)-(3).

Here, Plaintiff has shown that it complied with the requirements set forth in § 48.161. While the affidavit of compliance was not filed within 40 days after the date of service on the Secretary of State, the statute explicitly permits the Court to allow additional time, which the Court is inclined to do in this case. Indeed, Plaintiff's affidavit of compliance shows that Plaintiff's use of substitute service was clearly justified by the circumstances (and necessitated by Samax's failure to maintain current information with the Florida Department of State) and that due diligence was exercised in attempting to locate and effectuate personal service on Samax.

Accordingly, the Court finds that Samax was properly served via substitute service,[1] and because Samax has failed to plead or otherwise defend this action, Plaintiff's amended motion for clerk's default (Doc. 304) is due to be **granted**. The Clerk shall enter default against Samax, LLC.

DONE and ORDERED in Ocala, Florida on April 24, 2026.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:
Counsel of Record

---

[1] Pursuant to §48.161(3), service was effectuated on February 21, 2025 (the date the affidavit of compliance was filed).