UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**ATRIA HOLDINGS, S.A.,**

      Plaintiff,

**v.**                                                            **Case No: 5:23-cv-685-JSM-PRL**

**ATLANTIC FUNDING CAPITAL
CORP, et al,**

      Defendants.

_____

### ORDER

This matter is before the Court on Plaintiff's amended motion for clerk's entry of default against Defendant Abel Carbajal. (Doc. 310). Pursuant to Federal Rule of Civil Procedure Rule 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." However, before a clerk's default can be entered, the serving party must establish that the defaulting party was properly served. *See Colclough v. Gwinnett Pub. Schs.*, 734 F. App'x 660, 662 (11th Cir. 2018) (per curiam) (finding that the court could not enter a clerk's default where the plaintiff had not properly served the defendant) (citations omitted). Because Plaintiff has failed to establish that Carbajal was properly served, Plaintiff's amended motion for clerk's entry of default (Doc. 310) is due to be denied.

## I.    Background

On November 21, 2023, Plaintiff initiated this action against numerous defendants including Carbajal and has subsequently amended its complaint four times. (Docs. 127, 186, 200, 279). The fourth amended complaint, which is the operative pleading, was filed on September 11, 2025. (Doc. 279).

The record reflects that Plaintiff has had trouble serving Carbajal. Plaintiff sought (and the Court granted) an extension of time to effectuate service on March 12, 2024 (Docs. 125, 126). Plaintiff filed an Affidavit of Non-Service on June 24, 2024 (Doc. 155). Plaintiff sought four additional extensions, (Docs. 171, 193, 209, 219), the last of which the district judge granted on November 22, 2024, extending the deadline to serve Carbajal until January 6, 2025, and advising that "[n]o further extensions will be granted." (Doc. 220). On December 2, 2024, Plaintiff filed another affidavit of non-service for Carbajal, which documented attempts of service at two addresses in Orlando, Florida and two attempts at service at an address in Ohio. (Doc. 223).

On March 19, 2025, Plaintiff filed a motion for entry of clerk's default against Carbajal. (Doc. 248). The motion and supporting affidavit (Doc. 237) detailed the various unsuccessful attempts Plaintiff had made to serve Carbajal. Plaintiff claimed that it ultimately effected service on Carbajal by serving the Florida Secretary of State on January 8, 2025. (Doc. 237-1). The Court denied Plaintiff's motion for entry of clerk's default without prejudice because Plaintiff failed to offer any explanation as to why substitute service of process was justified in this case. Plaintiff never renewed its

motion. And instead, proceeded with the litigation believing that it had complied with the requirements for substituted service.

Apparently, in preparing its amended motion for clerk's entry of default, Plaintiff could not locate records of having sent copies of the summons and complaint to Carbajal following transmission to the Secretary of State. Accordingly, on February 11, 2026, Plaintiff sent the papers via certified mail to Carbajal, which were ultimately returned undeliverable on March 9, 2026, and April 2, 2026. Now, Plaintiff explains its position that substitute service of process was justified because it had reason to believe that Carbajal was either a nonresident or an individual concealing his whereabouts.

## II.    Discussion

Plaintiff has submitted affidavits of non-service showing that it attempted to serve Carbajal four times. (Doc. 311-1). First, on December 19, 2023, it attempted service at 4725 W. Sand Lake Road Suite 200, Orlando, FL 32819. The process server was informed by an employee that Carbajal did not work there. Next, on January 29, 2024, Plaintiff attempted service at 1139 38th Street, Orlando, FL 32805 and was advised by resident that Carbajal is not known but that that he was believed to be a previous resident because he sometimes got mail at that address. Then, on June 28, 2024, Plaintiff attempted service at 15811 Maplewood Ave, Maple Heights, OH 44137. No one was home and a neighbor did not know who lives there. Then on July 1, 2024, Plaintiff attempted service again at the Ohio address. The process server spoke to the homeowner who called Carbajal. He advised the process server (via

- 3 -

telephone) that he lives in Georgia. The Court agrees that Plaintiff's use of substitute

service was justified either because Carbajal is a nonresident or because he was

concealing his whereabouts.

Valid substituted service on the Secretary of State requires strict compliance

with the statutory provisions. *Chacon v. SW Florida Services, Inc.,* No. 2:24-cv-415-JLB-

NPM, 2025 WL 807026, at *2 (M.D. Fla. March 13, 2025). Section § 48.161 requires

a plaintiff to: (1) serve the Secretary of State by providing a copy of the summons and

complaint; (2) send "forthwith" notice of service and a copy of the process to the

party being served by the party effectuating service by registered mail, certified mail,

return receipt requested, or by use of a commercial firm regularly engaged in the

business of document delivery; and by electronic means if the parties have recently

and regularly used email or other electronic means to communicate; (4) file the

return receipt; and (5) file an affidavit of compliance within 40 days after the date of

service on the Secretary of State, or within additional time if the court allows, that

establishes that substituted service is proper under the section and that due diligence

was exercised in attempting to effect personal service on the party before using

substituted service. Fla. Stat. § 48.161(1)-(3).

As discussed above, the Florida Secretary of State accepted substitute service

of process for Carbajal on January 8, 2025. (Doc. 237-1 at 7). Florida Statutes

authorize, under certain circumstances, substituted service of process on a

nonresident individual or an individual who is concealing his whereabouts by

sending a copy of the process to the office of the Secretary of State. See Fla. Stat. § §

48.161; 48.181(4).

Section 48.161 requires a plaintiff to: (1) serve the Secretary of State by providing a copy of the summons and complaint; (2) send "forthwith" notice of service and a copy of the process to the party being served by the party effectuating service by registered mail, certified mail, return receipt requested, or by use of a commercial firm regularly engaged in the business of document delivery; and by electronic means if the parties have recently and regularly used email or other electronic means to communicate; (4) file the return receipt; and (5) file an affidavit of compliance within 40 days after the date of service on the Secretary of State, or within additional time if the court allows, that establishes that substituted service is proper under the section and that due diligence was exercised in attempting to effect personal service on the party before using substituted service. Fla. Stat. § 48.161(1)-(3).

Here, Plaintiff has failed to comply with the notice requirements. Most significantly, despite the requirement to "forthwith" send notice of service and a copy of the process to Carbajal after the Secretary of State accepted, Plaintiff delayed more than one year, finally sending it via certified mail on February 11, 2026. As a matter of Florida law, this is not "forthwith" as required by § 48.161. *See Panamerica Trade, Inc., et al. v. Food Service Gaskets, LLC, et al*, 3:24-cv-473-MMH-SJH, 2026 WL 914799, at * (M.D. Fla. April 3, 2026) (sending notice two months after the purported substitute service was delivered to and accepted by the secretary of state was not "forthwith" as a matter of law); *Hughes v. American Tripoli, Inc.*, No. 2:04-cv-

- 5 -

485-FtM-29DNF, 2007 WL 2071529, at 82 (M.D. Fla. July 17, 2007) (service twenty-two days after secretary of state was served failed to comply with 48.161); (*Crystal Springs Partners, Ltd. v. Michael R. Band, P.A.,* 132 So.3d 1230, (Fla. App. Ct. 2014) (forty-two days after secretary of state was served was not "forthwith); *Smith v. Alvarado*, 737 So.2d 630 (Fla. App. Ct. 1999) (mailing notice 115 days later was not "forthwith"); *Kenrick v. Coleman*, 679 So.2d 865 (Fla. App. Ct. 1996) (150-day delay in sending notice after serving secretary of state "as a matter of law, does not meet the requirements of section 48.161"); *John Green Corp. v. Coello*, 635 So.2d 127, 128 (Fla. App. Ct. 1994) (sending notice two months after secretary of state accepted process was not "forthwith"); *Arison v. Offer*, 626 So.2d 1039, 1040 (Fla. App. Ct. 1993) (mailing notice 68 days after secretary of state accepted process did not meet "forthwith" requirement in § 48.161); *Parish Mortgage Corp. v. Davis*, 251 So.2d 342, (Fla. App. Ct. 1971), cert. denied, 254 So.2d 789 (Fla. 1971) (delay of thirty-seven days was not "forthwith").

In addition, Plaintiff failed to file its affidavit of compliance within 40 days after the date of service on the Florida Secretary of State. A review of the docket shows that Plaintiff's affidavit was filed on February 21, 2025 (Doc. 237) —44 days after substitute service of process was accepted by the Secretary of State on January 8, 2025.

Because Plaintiff has failed to show that Carbajal was properly served, Plaintiff's amended motion for clerk's entry of default is due to be **denied**. The ruling is without prejudice to Plaintiff to proceed to obtain service on Carbajal through Fla.

Stat. § 48.161 and § 48.181, or as otherwise authorized by law. However, given the repeated delays and the district judge's prior order establishing a deadline for service, the Court will afford Plaintiff a very limited window to do so. Plaintiff shall effect service on Carbajal on or before **May 15, 2026**. **No further extensions will be granted.**

DONE and ORDERED in Ocala, Florida on April 28, 2026.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:
Counsel of Record