**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

**ATRIA HOLDINGS, S.A.,**

**Plaintiff,**

**v.** **Case No.: 5:23-cv-00685-JSM-PRL**

**ATLANTIC FUNDING CAPITAL CORP., et al.,**

**Defendants,**
**_____________________________________/**

# ORDER

This matter is before the Court on Plaintiff's third motion for clerk's entry of default against Defendant Abel Carbajal. (Doc. 325). Pursuant to Federal Rule of Civil Procedure Rule 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." However, before a clerk's default can be entered, the serving party must establish that the defaulting party was properly served. *See Colclough v. Gwinnett Pub.* Schs., 734 F. App'x 660, 662 (11th Cir. 2018) (per curiam) (finding that the court could not enter a clerk's default where the plaintiff had not properly served the defendant) (citations omitted). The Court denied Plaintiff's prior two motions because it failed to establish that Mr. Carbajal had been properly served. (Docs. 258, 315). Plaintiff has now remedied that defect, and thus, Plaintiff's third motion for clerk's entry of default as to Mr. Carbajal (Doc. 335) is due to be **granted.**

**I. Background**

On November 21, 2023, Plaintiff initiated this action against numerous defendants including Carbajal and has subsequently amended its complaint four times. (Docs. 127, 186, 200, 279). The fourth amended complaint, which is the operative pleading, was filed on September 11, 2025. (Doc. 279). The record reflects that Plaintiff has had trouble serving Carbajal. Plaintiff sought (and the Court granted) an extension of time to effectuate service on March 12, 2024 (Docs. 125, 126). Plaintiff filed an Affidavit of Non-Service on June 24, 2024 (Doc. 155). Plaintiff sought four additional extensions, (Docs. 171, 193, 209, 219), the last of which the district judge granted on November 22, 2024, extending the deadline to serve Carbajal until January 6, 2025, and advising that "[n]o further extensions will be granted." (Doc. 220). On December 2, 2024, Plaintiff filed another affidavit of non-service for Carbajal, which documented attempts of service at two addresses in Orlando, Florida and two attempts at service at an address in Ohio. (Doc. 223).

On March 19, 2025, Plaintiff filed a motion for entry of clerk's default against Carbajal. (Doc. 248). The motion and supporting affidavit (Doc. 237) detailed the various unsuccessful attempts Plaintiff had made to serve Carbajal. Plaintiff claimed that it ultimately effected service on Carbajal by serving the Florida Secretary of State on January 8, 2025. (Doc. 237-1). The Court denied Plaintiff's motion for entry of clerk's default without prejudice because Plaintiff failed to offer any explanation as to why substitute service of process was justified in this case.

On April 23, 2026, Plaintiff filed an amended motion for clerk's default again claiming that it effected service on Carbajal via the Florida Secretary of State. While the Court agreed that Plaintiff's use of substitute service was justified either because Carbajal is a nonresident

or because he was concealing his whereabouts, it denied Plaintiff's amended motion without prejudice because Plaintiff failed to comply with the notice requirements set forth in Fla. Stat. § 48.161. (Doc. 315). Plaintiff has now filed a third motion for clerk's default in which he claims he effected valid service on Carbajal by serving the Florida Secretary of State. (Doc. 335).

## II. Discussion

Valid substituted service on the Secretary of State requires strict compliance with the statutory provisions. *Chacon v. SW Florida Services, Inc.,* No. 2:24-cv-415-JLB NPM, 2025 WL 807026, at *2 (M.D. Fla. March 13, 2025). Section § 48.161 requires a plaintiff to: (1) serve the Secretary of State by providing a copy of the summons and complaint; (2) send "forthwith" notice of service and a copy of the process to the party being served by the party effectuating service by registered mail, certified mail, return receipt requested, or by use of a commercial firm regularly engaged in the business of document delivery; and by electronic means if the parties have recently and regularly used email or other electronic means to communicate; (4) file the return receipt; and (5) file an affidavit of compliance within 40 days after the date of service on the Secretary of State, or within additional time if the court allows, that establishes that substituted service is proper under the section and that due diligence was exercised in attempting to effect personal service on the party before using substituted service. Fla. Stat. § 48.161(1)-(3).

Plaintiff has filed an affidavit and supporting documents showing compliance with the requirements set forth in §48.161. On May 4, 2026, Plaintiff submitted a request for substitute service of process through the Florida Department of State's online service of process portal. (Doc. 333-1). On May 5, 2026, Atria filed its Notice of Service of Process upon the Secretary

of State (Doc. 320) and sent the Notice, along with a copy of the process, to Carbajal's last known address, by US Certified Mail, return receipt requested, and Federal Express. (Doc. 333 at ¶¶ 10, 11; Doc. 333-2; Doc. 335-1). The Secretary of State accepted substitute service on May 12, 2026, and a copy of the notice was provided to Carbajal by US Mail and Federal Express. (Doc. 333 at ¶12). On June 12, 2026, Plaintiff filed the affidavit of compliance. (Doc. 333).

Pursuant to §48.161(8), service of process on Carbajal was effectuated on June 12, 2026—the date that the affidavit of compliance was filed. Carbajal has failed to appear or otherwise defend this action, and more than 21-days have passed. Accordingly, Plaintiff's motion for entry of clerk's default against Abel Carbajal is due to be **granted.**

DONE and ORDERED in Ocala, Florida on July 23, 2026.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Party