**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

**ATRIA HOLDINGS, S.A.,**

**Plaintiff,**

**v.** **Case No.: 5:23-cv-00685-JEP-PRL**

**ATLANTIC FUNDING CAPITAL CORP., et al.,**

**Defendants.**
______________________________________/

**ORDER**

This matter is before the Court on Plaintiff Atria holdings, S.A.'s Verified Motion for Prejudgment Writ of Garnishment (Doc. 361). Plaintiff sued MW Trading Group, LLC for breach of contract, seeking, *inter alia,* a money judgment arising from MW Trading Group's failure to repay the amounts owed under a promissory note. On February 4, 2024, a clerk's default was entered against MW Trading Group. (Doc. 111). On March 23, 2025, the Court denied Plaintiff's motion for final judgment after default, explaining the Court's "preference to withhold granting a default judgment until resolution of the action on the merits against the remaining defendants." (Doc. 251). Plaintiff claims that as of November 10, 2026, the amount due to Plaintiff from MW Trading Group including principal, contractual interest and late fees is $585,300.00. (the "Total Amount Owed").

Now, Plaintiff moves for an order issuing a prejudgment writ of garnishment against monies owed to MW Trading Group. In its verified motion, Plaintiff explains that MW Trading Group is a party in another case –*St. Lucie County Clerk of the Circuit Court and Comptroller v. MW Trading Group, LLC, et al* (St. Lucie County Case No. 2026-CA-000414)— that is currently pending in the Nineteenth Judicial Circuit Court in and for St. Lucie

County, Florida (the "Interpleader Action."). The Interpleader Action relates to approximately $470,000.00 in surplus funds from a tax deed sale of real property located in St. Lucie County, Florida that is being held in the Nineteenth Judicial Circuit Court's Registry. According to Plaintiff, MW Trading Group is expected to receive $187,394.52 of the surplus funds (the "Surplus Funds") through MW Trading Group's attorney, Sherman Law Firm, P.A. Now, Plaintiff seeks a writ of garnishment against Sherman Law Firm, P.A. to secure the $187,394.52 anticipated to be in its possession.

Rule 64 of the Federal Rules of Civil Procedure provides that "[a]t the commencement of and throughout an action, every remedy is available that, under the law of the state where the court is located, provides for seizing a person or property to secure satisfaction of the potential judgment." In Florida, a prejudgment writ of garnishment is available to secure the money judgment a party expects to recover. *American Veteran Enterprise Team, LLC v. Silver Falcon, Inc.,* No. 6:21-cv-647-CEM-EJK, 2021 WL 2446261, at * 1 (M.D. Fla. 2021). Courts have held that prejudgment writs of garnishment are an appropriate remedy in actions based at least in part on a breach of contract. *Id.* at * 2 (collecting cases).

Florida Statutes §77.031, which governs matters of prejudgment garnishment in Florida provides:

> To obtain issuance of the writ, the plaintiff, or the plaintiff's agent or attorney, shall file in the court where the action is pending a verified motion or affidavit alleging by specific facts the nature of the cause of action; the amount of the debt and that the debt for which the plaintiff sues is just, due, and unpaid; that the garnishment is not sued out to injure either the defendant or the garnishee; and that the plaintiff believes that the defendant will not have in his or her possession, after execution is issued, tangible or intangible property in this state and in the county in which the action is pending on which a levy can be made sufficient to satisfy the plaintiff's claim.

Fla. Stat. § 77.031(2). Additionally, the plaintiff must post "a bond with surety to be approved by the clerk payable to the defendant in at least double the amount of the debt demanded." Fla. Stat. § 77.031(3).

Here, Plaintiff's Verified Motion comports with the statutory requirements. Plaintiff sued MW Trading Group for breach of contract, seeking, *inter alia*, a money judgment arising from MW Trading Group's failure to repay the amounts owed under a promissory note. Plaintiff alleges that as of November 10, 2026, the amount due and owing to Plaintiff from MW Trading Group including principal, contractual interest and late fees is $585,300.00. MW Trading Group has not defended this action, and the clerk entered default on February 14, 2024. (Doc. 111). Plaintiff alleges that in the Interpleader Action, MW Trading Group is expected to receive $187,394.52 of the surplus funds through its attorney, Sherman Law Firm, P.A.

Plaintiff alleges that the garnishment is not sought with intent to injure either Defendant or the garnishee, Sherman Law Firm, P.A. Plaintiff further alleges that it believes, "for good reason," that MW Trading Group will not possess property sufficient to satisfy Plaintiff's claim after execution is issued. Plaintiff explains that "MW Trading Group's principal asset reachable within Florida appears to be the Surplus Funds it is expected to receive before Atria obtains a final judgment." Finally, Plaintiff states that it will post a surety bond payable to MW Trading Group in the amount of $374,789.04—which is twice the $ 187,394.52 expected to be disbursed to MW Trading Group in the Interpleader Action. *See Ford Motor Co. v. MAD Enterprise Group, LLC, et al.,* No: 6:16-cv-1333-Orl-40TBS, 2016 WL 10859791, at *2 (M.D. Fla. Sept. 7, 2016) (fixing surety bond at double the amount sought to be garnished rather than the full underlying claim).

Accordingly, Plaintiff's Verified Motion for Prejudgment Writ of Garnishment (Doc. 361) is **granted**.

Plaintiff shall post a bond with the Clerk of Court in the amount of $374,789.04 payable to MW Trading Group, LLC. The condition of the bond is to pay all costs, damages, and attorney's fees that Defendant sustains in consequence of Plaintiff's improperly suing out the writ of garnishment. If the amount garnished exceeds $ 187,394.52, Plaintiff shall promptly advise the Court.

Upon receipt of the bond in the amount of $374,789.04, the Clerk is **directed to issue** the writ of garnishment found at docket entry 361-1.

DONE and ORDERED in Ocala, Florida on November 13, 2026.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record

Unrepresented Party